TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Moe Darbandi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Moe Darbandi,<br><br>            Plaintiff,<br><br>   vs.<br><br>Barclays Bank Delaware; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.: 5:14-cv-4065<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788, *ET. SEQ.*<br><br>2. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET. SEQ*;**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Moe Darbandi, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") and repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Moe Darbandi (hereafter "Plaintiff"), is an adult individual residing in Cupertino, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant Barclays Bank Delaware ("Barclays"), is a Delaware business entity with an address of 125 South West Street Wilmington, Delaware 19801, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Barclays and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Barclays at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four year, Barclays contacted Plaintiff in an attempt to collect a consumer allegedly owed by Plaintiff (the "Debt").

9. At all times mentioned herein, Barclays placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice ("Robocalls").

10. When Plaintiff answered the calls from Barclays, he heard a recording that instructed him to return the call to Barclays.

11. On or about August 1, 2014, Plaintiff returned Barclays' call and requested that all further calls to his cellular telephone stop.

12. During the prior mentioned conversation, Barclays informed Plaintiff that the automated calls would continue if payments were not made on time.

13. Despite Plaintiff's unequivocal request that all calls to his cellular telephone cease, Barclays continued to place automated calls to Plaintiff at an excessive and harassing rate.

## COUNT I
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

16. Barclays, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

17. Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

18. Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

19. Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

20. Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

21. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Without prior express consent, Barclays contacted Plaintiff by means of automated telephone calls and/or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. Alternatively, if at one time Barclays had prior express consent to contact Plaintiff, it no longer had consent to contact him after he revoked consent on or about August 1, 2014; therefore, Barclays' automated telephone calls and/or prerecorded messages to Plaintiff's cellular telephone were placed in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. Barclays continued to place automated calls and/or prerecorded messages to Plaintiff's cellular telephone after knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

26. The telephone number called by Barclays was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. The calls from Barclays to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. Upon information and belief, Barclays' telephone system has the capacity to store numbers in a random and sequential manner, and Barclays used its system to place the calls at issue.

29. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

30. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    B. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

    D. Punitive damages; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 8, 2014            TRINETTE G. KENT


                                     By:  /s/  Trinette G. Kent
                                     Trinette G. Kent, Esq.
                                     Lemberg Law, LLC
                                     Attorney for Plaintiff, Moe Darbandi